Johnson, J.
Both the grounds of this motion resolve themselves into the question whether the complainant is bound by the statute of limitations, and but for the doubts thrown out by the Chancellor, and the very learned argument of my brother HakpeR, in the judgment delivered by him in Thayer v. Davison, when presiding in the Court of Chancery in Charleston, I should have regarded the cases of Thayer and Cramer, and Bynum and Nixon, referred to by the Chancellor, as decisive of it. I *234 have been induced by these considerations to look again into the subject, and the result of further examination is, that it is not a case for the technical application of the statute. The statute does not operate to invest the party in possession and claiming- under it with any right or title, but only as a bar to the plaintiff’s right to recover. The words are that “if any person or persons to whom any right or title to lands, tenements or hereditaments in this province, shall descend or come, do not prosecute the same within five (not ten) years after such right or title accrued, that he and they, and all persons claiming under him and them, shall be for ever barred to recover the same,” &c.; and the same statute points out an action at law as the only effectual mode of making or prosecuting the claim, so as to prevent the bar of the statute.
As mortgagees, the legal estate in the lands never has been, and is not now, in the complainants or their intestates — the Act of 1791, 1 Faust, 65, expressly declares “that no mortgagee shall be entitled to maintain any possessory action for the real estate mortgaged, even after the time for the payment of the money secured by the mortgage is elapsed ; but the mortgagor shall be deemed owner of the lands, and the mortgagee as owner of the money lent or due, and shall be entitled to recover satisfaction for the same, out of the lands, in the manner above set forth.” Neither the plaintiffs nor their intestates could *at any time heretofore have made claim to those lands by an action at law, nor is that the object of these proceedings — they are only intended to charge them with the payment of a debt due by the mortgagor. How then can it be said, that the statute of limitations operates as a bar? No one can maintain an action for the land, until it shall have been regularly sold, and the equity of redemption foreclosed; and if, notwithstanding, the statute of limitations shall begin to operate, either from the date of the mortgage or from the time of the condition broken, it might well happen that the mortgagee would be barred, notwithstanding the facilities which the Courts afford, and all the diligence which he might use : for we know that suits in law and equity are sometimes protracted even longer than necessary to complete the bar of the statute.
I know that the rule of the statute is frequently adopted in Chancery, when it does not operate as a technical bar ; and here I think the question, whether recording shall be considered as notice or not, becomes important. The Act requiring mortgages to be recorded, seems to have been intended principally to settle the priority between them — but the motive for recording them is so great, that few would neglect it, who thought it a necessary security, and few men who feel the stimulus which interest usually imparts, would neglect to profit by the information which the Register’s office would impart when they were about to purchase a tract of land, unless they had implicit confidence,in the representations of the seller; and if they suffered themselves to be deceived, they ought to take the consequences. Through this mean, a purchaser has it in his power to inform himself, and if he neglects to do so he has no claim on a Court of Equity, for the application of the rule of the statute. On the other hand, if the mortgagee neglect to record his mortgage, and by this means puts it out of the power of the purchaser to inform himself, he is protected as a purchaser without notice. In this view, therefore, recording the mortgage is notice to the subsequent purchaser.
*235 *The case of M’Ray v. Smith, 2 Bay, 339, noticed by the Chan-ceilor, is, I think, reconcilable to this view of the subject. That was an action to try titles to land. The plaintiff claimed under a sheriff’s sale on fi. fa., against one Woodroof, and the defendant under a purchase from him. The judgment had been obtained against Woodroof before he sold to the defendant, and bound the land ; but the defendant had had possession under his purchase more than five years before the sale by the sheriff, and it was held that he was protected by the statute. Having the judgment, the creditor might, at any moment, and in defiance of Wo.odroof, have sold the land, if he intended to resort to it for the satisfaction of his debt — and his neglecting to do so, furnished a reasonable ground for the application of the rule of the statute.
It is therefore ordered and decreed, that this motion be dismissed; and that the decree of the Circuit Court be and the same is hereby affirmed.
O’Neall, J., concurred.
Harper, J., dissented.